NOT FOR PUBLICATION					(Docket Entry Nos. 74, 81)

```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
```

_____ :
                               :
SECURIMETRICS, INC.,           :
                               :
           Plaintiff,          :   Civil No. 03-4394 (RBK)
                               :
       v.                      :   **OPINION**
                               :
IRIDIAN TECHNOLOGIES, INC.,    :
                               :
           Defendant.          :
_____ :


**KUGLER**, United States District Judge:

      This civil action arises out of a dispute between plaintiff SecuriMetrics, Inc. and defendant Iridian Technologies, Inc. as to the scope and meaning of agreements in which SecuriMetrics licensed biometric technology from Iridian.  This matter comes before the Court upon motions by SecuriMetrics:

      (1) To dismiss as moot (a) the "US-VISIT aspect" of the First Claim for Relief of SecuriMetrics's own First Amended Complaint [hereinafter Complaint] ("Request for Declaratory Judgment"), and (b) Count XI of Iridian's Counterclaim [hereinafter Counterclaim] ("Declaratory Judgment That Securi[M]etrics Is Not Permitted To Sell Products For Use in the U.S. VISIT Program");

      (2)    For summary judgment on Count V of the Counterclaim ("Breach of Contract (Attempting to Sell Products for Use in Limited Markets)"); and

      (3)    For judgment on the pleadings as to (a) Count IX of the Counterclaim ("Abuse of Process"), and (b) the Second Affirmative Defense of Iridian's Third Amended Answer [hereinafter Answer] ("Unclean Hands").

For the reasons expressed below, the motion to dismiss will be granted, the motion for partial summary judgment will be granted, and the motion for judgment on the pleadings will be granted in part and denied in part.

## I.    BACKGROUND

Defendant Iridian is a licensor of patented biometric technology that is used in iris recognition products. Plaintiff SecuriMetrics develops iris recognition products and is a licensee of Iridian's technology.

Iridian and SecuriMetrics entered into five agreements ("Agreements") relevant to this case. The Agreements authorize SecuriMetrics to (1) market and sell certain of Iridian's products ("Authorized Products"), and to (2) develop and sell products of its own that use or incorporate Iridian technology ("Integrated Products"). This authorization applies throughout a

designated "Territory," but does not extend (at least in some instances) to certain "Limited Markets." The present dispute centers largely around the meaning of the terms Authorized Products, Integrated Products, and Limited Markets.

SecuriMetrics claims that it filed its declaratory judgment action "to obtain a judicial determination of the parties' rights under the [A]greements." Iridian responds that the present lawsuit is simply part of SecuriMetrics' "systematic and deliberate scheme to devalue Iridian and force Iridian to accept a cheap buyout by Securi[M]etrics."

**II.     ANALYSIS**

    **A.     MOTION TO DISMISS US-VISIT DECLARATORY JUDGMENT CLAIMS AS MOOT**

Count XI of Iridian's Counterclaim requests a declaratory judgment as to whether the Agreements authorize SecuriMetrics to sell "products" (presumably Authorized Products and/or Integrated Products) for use in the Department of Homeland Security's United States Visitor and Immigrant Status Indicator Technology ("US-VISIT") program. Count I of SecuriMetrics' Complaint requests a declaratory judgment as to whether certain pricing terms would apply to those sales. SecuriMetrics moves to dismiss these "US-VISIT declaratory judgment claims" as moot, arguing that because the US-VISIT program does not currently use iris recognition technology, the parties no longer have a

"personal stake" in the outcome of those claims.

Both Article III and the Declaratory Judgment Act limit this Court's power to issue a declaratory judgment to cases in which an actual, ongoing "case or controversy" exists.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698 (3d Cir. 1996) (Article III); Jersey Cent. Power & Light Co. v. New Jersey, 772 F.2d 35, 40 (3d Cir. 1985) (Declaratory Judgment Act).  This "case or controversy" requirement applies at all stages of a federal judicial proceeding, see Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman, 336 F.3d 186, 193 (3d Cir. 2001), and "prevents federal courts from deciding cases that are moot."  See Blanciak, 77 F.3d at 698.  Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit . . . , the case must be dismissed as moot."  See id. at 698-99.

"Past exposure to illegal conduct does not in itself show a present case or controversy if unaccompanied by any continuing, present adverse effects."  Blanciak, 77 F.3d at 699.  Rather, a plaintiff "must demonstrate some injury, or threat thereof, 'of sufficient immediacy and ripeness to warrant judicial intervention.'"  See id. (quoting Warth v. Seldin, 422 U.S. 490, 516 (1975) (describing requirements of standing)); cf. United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (observing that interest required of a litigant to maintain a

4

claim under the mootness doctrine is the same as that required to attain standing), cited in Blanciak, 77 F.3d at 699.  This injury or threat thereof must be "actual or imminent, not conjectural or hypothetical."  Belitskus v. Pizzingrilli, 343 F.3d 632, 639 (3d Cir. 2003); see also Blanciak, 77 F.3d at 700 ("The Supreme Court has repeatedly recognized that claims predicated upon such speculative contingencies afford no basis for finding the existence of a continuing controversy as required by Article III.").

SecuriMetrics argues that the US-VISIT declaratory judgment claims in this case should be dismissed as moot because the parties no longer have a personal stake in the outcome of those claims.  In support of its argument, SecuriMetrics points out that the Department of Homeland Security ("DHS") chose in January 2004 to use fingerprint recognition technology rather than iris recognition technology in the first phase of the US-VISIT program.  SecuriMetrics claims that because DHS did not elect to use iris recognition technology in the US-VISIT program, and because SecuriMetrics does not sell fingerprint recognition technology, "neither SecuriMetrics nor Iridian has a 'personal stake' in claims regarding SecuriMetrics' right to sell products for use in the [US-VISIT] program."  Thus, SecuriMetrics concludes, the US-VISIT-related declaratory judgment claims raised in this case do not present an actual, ongoing case or

5

controversy.

Admitting that it has suffered no damages arising out of the US-VISIT declaratory judgment claims, Iridian responds that the claims nevertheless present an "actual controversy" in two ways.  First, Iridian claims that "iris recognition technology will be a growing part of DHS border programs, including US-VISIT," in the future.  In support of its first argument, Iridian submits several pieces of evidence:

- A statement by Asa Hutchinson, DHS Undersecretary for Border and Transportation, that the United States government supports expansion of biometric recognition programs, including the one within US-VISIT;

- Proof that SecuriMetrics and other contractors have been lobbying intensely to promote iris recognition technology in subsequent phases of the US-VISIT program;

- Proof that the Registered Traveler Program, another transportation security program operated by DHS, currently uses iris recognition technology;

- Proof of a planned program wherein United States passports will include a memory chip for storing biometric information of the passport holder, and that those memory chips will contain memory sufficient to hold iris information;

- Proof of a growing foreign market for iris recognition technology; and

- Proof that in the administration of a system to expedite the processing and movement of travelers going between Canada and the United States, the U.S. Customs and Border Administration is working together with the Canadian Border Services Administration to expand the use of iris recognition technology within that system.

However, this evidence (viewed collectively) demonstrates only that SecuriMetrics might have an opportunity to sell iris recognition products for use in the US-VISIT program at some unknown time in the future. It does not demonstrate the threat of imminent sale (and thus imminent injury) required to establish an actual case or controversy. Therefore, SecuriMetrics' motion to dismiss as moot the US-VISIT aspect of Count I of its own Complaint, which addresses whether certain pricing terms would apply to those hypothetical sales, will be granted. For the same reasons, the motion to dismiss will also be granted as to that aspect of Count XI of Iridian's Counterclaim that addresses actual (as opposed to attempted) sales.

Second, Iridian claims that its request for a declaratory judgment extends to whether the Agreements permit SecuriMetrics to <u>attempt</u> to sell its products for use in the US-VISIT program. Upon review of Count XI of Iridian's Counterclaim, and viewing the allegations therein in the light most favorable to Iridian, this Court agrees. <u>See</u> Counterclaim ¶¶ 6, 174-77.

Iridian argues that an actual controversy exists because SecuriMetrics' attempted sales are ongoing. However, Iridian has not — given the evidence that actual sale into the US-VISIT program is currently impossible — demonstrated that

7

these attempted sales present any threat of imminent injury. Because Iridian also acknowledges that it has not been damaged by SecuriMetrics' past attempts, see Tr. of Telephone Conference of 9/17/04, at 47:14-16, Iridian also has not demonstrated that it suffers any continuing, present adverse effects from the past attempts.  Having demonstrated neither threat of imminent injury nor continuing, present adverse effects from SecuriMetrics' attempted sales, Iridian has not shown the existence of a case or controversy.  Therefore, SecuriMetrics' motion to dismiss will also be granted as to the "attempted sales" aspect of Count XI of the Counterclaim.

> **B.    MOTION FOR SUMMARY JUDGMENT ON BREACH OF CONTRACT COUNTERCLAIM**

Summary judgment is only appropriate where the Court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Iridian alleges that SecuriMetrics attempted to sell its iris recognition products for use in the US-VISIT program before DHS elected to use fingerprint recognition technology in that program.  According to Count V of Iridian's Counterclaim, those attempts were a breach of contract, as a result of which

Iridian "has been and will continue to be damaged."  Iridian claimed in an interrogatory response that those damages resulted when Iridian was "exposed . . . to contractually-prohibited competition" in the US-VISIT program.

SecuriMetrics argues that it is entitled to summary judgment on Iridian's breach of contract counterclaim because "Iridian cannot prove . . . that it has suffered any damages." First, says SecuriMetrics, "[n]o such 'competition' could have harmed Iridian because the U.S. VISIT Program does not include iris recognition technology, and there was no possibility that Iridian could have made sales into the U.S. VISIT program." Second, SecuriMetrics demonstrates that Iridian's counsel offered, during a telephone conference with Magistrate Judge Donio, to stipulate that Iridian had not been damaged by SecuriMetrics' attempts.

Iridian acknowledges that it has not produced any evidence of damages.  However, Iridian argues, SecuriMetrics' motion for summary judgment on Count V of the Counterclaim "overlooks Iridian's rights to declaratory and injunctive relief, which have also been pleaded in that claim."

Count V of the Counterclaim does not expressly request declaratory judgment as to whether attempted sales constitute a breach of the Agreements.  To the extent that such a claim may be inferred, it is identical to Count XI ("Declaratory Judgment That

9

Securi[M]etrics Is Not Permitted To Sell Products For Use in the U.S. VISIT Program."). Therefore, and given Iridian's argument that declaratory judgment as to attempted sales is one aspect of Count XI, this Court will strike any such request in Count V as redundant. Fed. R. Civ. P. 12(f). Remaining in Count V, then, are Iridian's claims for damages and injunctive relief.

A party bringing a claim for breach of contract under New Jersey law "ha[s] the burden of proof to establish all elements of its cause of action, including damages." See Cumberland County Improvement Auth. v. GSP Recycling Co., 358 N.J. Super. 484, 503 (App. Div. 2003). Because Iridian acknowledges in its papers that it has suffered no damages, there is no genuine issue of fact as to the damages aspect of Count V.

"A party seeking an injunction from a federal court must invariably show that it does not have an adequate remedy at law." N. Cal. Power Agency v. Grace Geothermal Corp., 469 U.S. 1306, 1306 (1984) (citing Hillsborough v. Cromwell, 326 U.S. 620, 622 (1946)). Because it has provided no evidence of injury, Iridian cannot show that a damages remedy would be inadequate. Therefore, there is no genuine issue of fact as to the injunctive aspect of Count V.

Because there is no genuine issue of fact as to either of the remaining aspects of Count V, SecuriMetrics' motion for summary judgment will be granted as to Count V of the

10

Counterclaim.

### C.  MOTION FOR JUDGMENT ON THE PLEADINGS

As with a Rule 12(b)(6) motion, a court ruling on a Rule 12(c) motion for judgment on the pleadings "must view the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff." See Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 253 (3d Cir. 2004).  "[T]he motion should not be granted 'unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law.'"  Id. (quoting Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002)).

#### 1.  Abuse of Process Counterclaim

In Count IX of its Counterclaim ("Abuse of Process"), Iridian alleges that SecuriMetrics "instituted and maintained this lawsuit," then "used the threat and timing of its motion for summary judgment," in order to "create leverage for its takeover of Iridian."  SecuriMetrics now moves for judgment on the pleadings as to this counterclaim.

Under New Jersey law, the elements of a malicious abuse of process claim are (1) an "ulterior motive" for the use of process and (2) "some further act after an issuance of process representing the perversion of the legitimate use of the process."  Fleming v. United Parcel Serv., Inc., 255 N.J. Super.

108, 157 (Law Div. 1992), aff'd, 273 N.J. Super. 526 (App. Div. 1994), cert. denied, 138 N.J. 264 (1995).  A "further act" must be used "to accomplish an end outside the legitimate purview of the litigation itself."  Penwag Prop. Co. v. Landau, 148 N.J. Super. 493, 499 (App. Div. 1977); see also Baglini v. Lauletta, 338 N.J. Super. 282, 294 (App. Div.) ("In the absence of some coercive or illegitimate use of the process, there can be no claim for its abuse."), cert. denied, 169 N.J. 607, and cert. denied, 169 N.J. 607, and cert. denied, 169 N.J. 608 (2001).

Because of the "further act" requirement,[1] "[c]oercive action or bad motives or intent prior . . . to the institution of the lawsuit do not suffice to expose a plaintiff to a cause of action for malicious abuse of process."  See Penwag, 148 N.J. Super. at 499.

"Proof of the existence of the ulterior motive may be inferred from the improper act, but if the act be a proper one, the motive is immaterial. . . . The legal pursuit of one's right, no matter what may be the motive of the promoter of the action, cannot be deemed either illegal or inequitable."  Ash v. Cohn,

---

[1] This "further act" requirement also means that many of the cases cited by Iridian are inapposite, as some other jurisdictions lack a corresponding requirement.  See Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297 (3d Cir. 2003) (applying Pennsylvania law) Gen. Elec. Co. v. Lyon, 894 F. Supp. 544 (D. Mass. 1995) (applying Massachusetts law); Mozzochi v. Beck, 529 A.2d 171 (Conn. 1987); Lauren Corp. v. Century Geophysical Corp., 953 P.2d 200 (Colo. App. 1998).

194 A. 174, 176 (N.J. 1937) (citation omitted).

Iridian alleges that SecuriMetrics "instituted and maintained this lawsuit for the . . . purpose of creating leverage for its takeover of Iridian," and that SecuriMetrics "has used the threat and timing of its motion for summary judgment in order to create leverage for its takeover of Iridian." Counterclaim ¶¶ 164-65. However, even assuming that the Counterclaim sufficiently alleges an ulterior motive, it has not alleged a further act.

First, New Jersey law specifies that a further act must occur <u>after</u> the issuance of process. See <u>Penway</u>, 148 N.J. Super. at 499; <u>Fleming</u>, 255 N.J. Super. at 157  Thus, Iridian's argument that a "further" act need not be a "later" act, <u>see</u> Mem. Opp. J. Pleadings at 15, is incorrect; only the actions taken by SecuriMetrics after Iridian was served with process may constitute "further acts."

Second, the only post-service actions alleged in the Counterclaim are that SecuriMetrics informed Iridian that it was preparing a motion for summary judgment, filed that motion five months later, withdrew the motion, and later re-filed it.  None of these actions are improper or wrongful in themselves. Although Iridian argues that these actions were taken with an improper motive, "if the act be a proper one, the motive is immaterial."  <u>Ash</u>, 194 A. at 176; <u>see also</u>.  Because the

13

Counterclaim does not allege that SecuriMetrics took any improper action after service of process, it does not sufficiently allege a "further act."  Compare Tedards v. Auty, 232 N.J. Super. 541, 551 (App. Div. 1989) (holding that knowing and material misrepresentation to judge was "further act"), and Ash, 194 A. at 175 (holding that preparation and submission of false affidavit was "further act"), with Simone v. Golden Nugget Hotel & Casino, 844 F.2d 1031, 1038 (3d Cir. 1988) (applying New Jersey law) (finding that plaintiff had not demonstrated "further act" by proving that defendant's employees testified during trial, where neither employee testified falsely) and Baglini, 338 N.J. Super. at 296 ("[An] offer of settlement contrasts sharply with the type of wrongful acts that were found to be a malicious abuse of process in Tedards . . . .").  Therefore, SecuriMetrics' motion for judgment on the pleadings will be granted as to Count IX of the Counterclaim.  Because the motion will be granted on this basis, this Court need not reach SecuriMetrics' arguments regarding the litigation privilege and the Noerr-Pennington doctrine.

### 2. Unclean Hands Affirmative Defense

In its Third Amended Answer, Iridian argues that "[SecuriMetrics'] claims are barred by virtue of its unclean hands."  SecuriMetrics now moves for judgment on the pleadings as to this affirmative defense; however, its supporting memorandum

14

contains neither briefing nor argument to this effect.  Although SecuriMetrics' reply brief contains some argument, Iridian has had no opportunity to respond to it.  Therefore, SecuriMetrics' motion for judgment on the pleadings will be denied without prejudice as to Iridian's "unclean hands" affirmative defense.

### III.     CONCLUSION

SecuriMetrics' motion to dismiss as moot the parties' US-VISIT declaratory judgment claims will be granted.  Its motion for summary judgment on Iridian's counterclaim for breach of contract will be granted.  Its motion for judgment on the pleadings will be granted as to Iridian's counterclaim for abuse of process, and denied without prejudice as to Iridian's affirmative defense of unclean hands.  The accompanying Order shall enter today.

Dated:     May 13, 2005              /s/ Robert B. Kugler
                                     ROBERT B. KUGLER
                                     United States District Judge